**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:18-cv-328-FDW**

| | | |
|---|---|---|
| HARRY SHAROD JAMES, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SAMANTHA PENDERGRASS, | ) | |
| SANDRA WALLACE-SMITH, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

THIS MATTER is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding in forma pauperis. (Doc. No. 7).

## I.     BACKGROUND

Pro se Plaintiff Harry Sharod James is a prisoner of the State of North Carolina, currently incarcerated at Hyde Correctional Center in Swan Quarter, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff was convicted after a jury trial of first-degree murder in Mecklenburg County, North Carolina, and he was sentenced to life in prison.

Plaintiff filed this action on June 22, 2018, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Samantha Pendergrass, identified as an Assistant District Attorney for the State of North Carolina; and (2) Sandra Wallace-Smith, identified as a Special Deputy Attorney General for the State of North Carolina. (Doc. No. 1 at 3). In the Complaint, Plaintiff alleges that Defendants wrongly failed to move to dismiss the underlying state criminal indictments against Plaintiff that led to his murder conviction and that Defendants also wrongly

1

failed to file a motion to suppress certain evidence in his underlying criminal proceedings. Plaintiff

seeks, among other things, damages against Defendants. (Id.).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint

to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore,

§ 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity," and the

court must identify cognizable claims or dismiss the complaint, or any portion of the complaint,

if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such

as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519,

520 (1972). However, the liberal construction requirement will not permit a district court to

ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law.

Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.     DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as

follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff has not alleged, however, that his underlying conviction has been reversed or otherwise invalidated. Therefore, his claims are barred by <u>Heck</u>.[1]

## IV.     CONCLUSION

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1.  This action is **DISMISSED** without prejudice.

2.  The Clerk is directed to close this case.

Signed: July 27, 2018

Frank D. Whitney
Chief United States District Judge

---

[1] In addition to the fact that Plaintiff's claims are <u>Heck</u>-barred, Defendants are subject to dismissal because they are entitled to absolute prosecutorial immunity for actions taken while performing traditional prosecutorial duties. <u>See</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976).